## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Ana Alvarado, Anita Zaragoza, | ) | |
| and Maria Teresa Sanchez | ) | Case No. 18-cv-3928 |
| Plaintiffs, *on behalf of themselves and* | ) | |
| *Others similarly situated* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Three Brothers Laundry, Inc., Vinod Patel, | ) | |
| Nikesh Patel, Nayan Patel, Dil Patel and | ) | |
| Doe 1-3, | ) | |
| | ) | Jury demanded |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Araceli Perez ("Plaintiff"), through her attorneys, Lopez & Sanchez, LLP for her Complaint against Three Brothers Laundry, Inc., Vinod Patel, Nikesh Patel, Nayan Patel, Dil Patel and Doe 1-3, (collectively "Defendants"), states as follows:

## INTRODUCTION

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the

Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for failure to

pay minimum wages, failure to pay overtime for all hours worked in excess of forty (40) hours in

a workweek, and failure to pay all earned wages for all time worked when due.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331.

Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims

occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state

law claims pursuant to 28 U.S.C. §1367.

**THE PARTIES**

3. At all relevant times herein, Plaintiffs Ana Alvarado, Anita Zaragoza, and Maria Teresa Sanchez resided in and was domiciled within this judicial district.

4. At all relevant times herein, Plaintiffs were employed by Defendants as "employees" as defined by the FLSA, IMWL, IWPCA within this judicial district.

5. At all relevant times herein, Plaintiffs were not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

6. During the course of their employment, Plaintiffs worked for Defendants in their business laundering linens for various customers.

7. At all relevant times herein, Defendants have been "employers" as defined in the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

8. Defendants has had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

9. Defendant Three Brothers Laundry, Inc., is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district. Defendant Three Brothers Laundry, Inc., is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

10. At all relevant times herein, Defendant Three Brothers Laundry, Inc., was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

11. Defendants Vinod Patel, Nikesh Patel, Nayan Patel, Dil Patel are managers of Three Brothers Laundry, Inc., and were involved in the day to day business operation of Defendant

2

Three Brothers Laundry, Inc.. Defendants had the authority to hire and fire persons employed by Defendant Three Brothers Laundry, Inc., including Plaintiffs; the authority to direct and supervise the work of Defendant Three Brothers Laundry, Inc., employees; the authority to sign on Defendant Three Brothers Laundry, Inc., checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

12.     Defendants John Doe 1 and 2, were Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

13.     Plaintiffs worked various schedules was from Monday through Sunday, from 7:00 a.m. until 5:00 p.m. although they often worked past 5:00 p.m. to finish their assigned work. Named Plaintiffs were regularly paid $8.50/hr. – the minimum wage in Chicago has been between $10.00 and $11.00 during the course of Plaintiff' employment.

14.     Plaintiffs have executed consent to sue letters, which are attached to this complaint as an exhibit.

## CLASS ALLEGATIONS

**Fair Labor Standards Act**

15.       Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I and II of this action are maintained by the named Plaintiffs as an opt-in representative action, for and on behalf of themselves and other past and present hourly employees similarly situated, who have been or will in the future be damaged by Defendants' failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq.* Count I and II allege a willful violation of the FLSA and seek an additional, third year of limitations and seek liquidated damages under the Fair Labor Standards Act, Section 260. Plaintiffs seek to send Notice to all similarly situated salaried employees who have been denied proper over time compensation, as required by 29 USC Section 216(b) and supporting case law.

3

**Illinois Minimum Wage Law**

16.      Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 et seq. Count III of this action is brought by Plaintiffs to recover unpaid back wages earned on or after the date three (3) years prior to the filing of this action for all class members who were employed by Defendants in the State of Illinois.

**Illinois Wage Payment and Collection Act**

17.      Pursuant to Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 et seq., Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned  on or after the date three (3) years prior to the filing of this action. The class represented by Plaintiffs consists of all persons who have been or will be employed by Defendant working as salaried employees in the State of Illinois on or after the date five (5) years prior to the filing of this action.

**COUNT I**
**Violation of the Fair Labor Standards Act - Minimum Wages**

18.      Plaintiffs incorporate and re-allege paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19.      This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay all wages to Plaintiffs that they were due .

20.      During the course of Plaintiffs' employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

21.      During the course of Plaintiffs' employment with Defendant, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

22.      Plaintiffs worked from Monday through Sunday, from 7:00 a.m. until 5:00 p.m. although they often worked past 5:00 p.m. to finish their assigned work, they were regularly paid at a rate of $8.50/hr.

4

23.     Some of their co-workers were only paid $7.00 per hour.

24.     Pursuant to 29 U.S.C. §206, Plaintiffs were entitled to be compensated at a rate of $10.00 per hour for all time worked less than forty (40) hours from Ju;y 1, 2015 – June 30, 2016, at 1

25.     $10.50 for work performed between July 1, 2016 – June 30 , 2017, and $11.00 per hour for work performed after July 1, 2017.

26.     Defendant's failure to pay Plaintiffs the minimum wage for all time worked up to forty (40) hours per week violated the FLSA, 29 U.S.C. § 206.

27.     Defendant willfully violated the FLSA by refusing to pay Plaintiff the minimum wage for all time worked up to forty (40) hours in individual work weeks.

28.     Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' willful failure to pay the minimum wage for all hours worked up to forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §206.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount Plaintiffs' regular rate for all time Plaintiffs worked up to forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are  found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Fair Labor Standards Act - Overtime Wages

29.    Plaintiffs incorporate and re-allege paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30.    This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq*., for their failure to pay overtime wages to Plaintiffs at a rate of one and one-half times Plaintiffs' regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

31.    During the course of Plaintiffs' employment by Defendant, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

32.    During the course of Plaintiffs' employment with Defendant, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

33.    Plaintiffs' work schedule was from Monday through Sunday, from 7:00 a.m. until 5:00 p.m. although they often worked past 5:00 p.m. to finish assigned work.

34.    Pursuant to 29 U.S.C. §207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

35.    Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one-half times her hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

36.    Defendants willfully violated the FLSA by refusing to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

37.    Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' regular rate for all time Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law-Overtime Wages

38.    Plaintiffs reallege and incorporate paragraphs 1-37 as if set forth herein.

39.     This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for failure to pay overtime wages to Plaintiffs at a rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

40.    During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the IMWL.

41.    During the course of Plaintiffs' employment with Defendants, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

42.    Pursuant to 820 ILCS 105/4(a), Plaintiffs were entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

43.    Defendants did not compensate Plaintiffs at the rate of one and one half time her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

44.     Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

45.     Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

        WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

        A. A judgment in the amount of all back wages due as provided by the IMWL;

        B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

        C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

        D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Wage Payment and Collection Act – Earned Wages

46.     Plaintiffs reallege paragraphs 1-44 and incorporate them here as if set forth fully.

47.     Count IV arises from Defendants' failure to pay Plaintiffs earned wages for all time worked at the rate agreed to by the parties in violation of the IWPCA, 820 ILCS 115/5.

48.     During the course of Plaintiffs' employment by Defendants, the parties had an agreement that Defendants would compensate Plaintiffs at agreed upon rates for all time worked.

49.     Defendants did not compensate Plaintiffs at the rate agreed to by the Parties for all time worked.

50.     Pursuant to the IWPCA, Plaintiffs were entitled to be paid for all time worked at the rate agreed upon by the parties.

51.     Defendants' failure to compensate Plaintiffs for all time worked at the rate agreed to by the parties violated the IWPCA.

8

52.     Pursuant to the IWPCA, Plaintiffs were entitled to be paid for all time worked upon separation or on the next scheduled pay date.

53.     Defendants' failure to pay all wages due upon separation when due violated the IWPCA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due and amounts improperly deducted from wages, as provided by the IWPCA;

B. Penalties of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

C. Reasonable attorneys' fees and costs of this action as provided by the IWPCA;

D. That the Court determines the rights of the parties and direct Defendants to account for all hours owed wages owed to Plaintiffs;

Respectfully submitted,

/s/    Jorge Sanchez
One of Plaintiff's attorneys

Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784

Dated: June 5, 2018

9